UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

                Plaintiff,

v.                                                 Case No. 20-cv-1366-pp

DANIEL BRAEMER, BRIAN FOSTER,
TONY MELI, CHIEF WEISGERBER,
DOES, and JAMES OLSON,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 12)**

The plaintiff has filed a motion for reconsideration of the court's order screening his amended complaint. Dkt. No. 12. The court found that the plaintiff had stated First Amendment claims against two sets of defendants and gave the plaintiff the opportunity to choose which defendants he wanted to proceed against by filing a second amended complaint. Dkt. No. 11 at 8. The court also found that the plaintiff had failed to state a claim for relief based on his allegations that in 2014, and then again in 2016, the defendants barred receipt of certain advocacy newsletters. Id. at 6-7. The court determined that the defendants did not violate the plaintiff's First Amendment rights because the plaintiff received the newsletters after he complained about not getting them. Id. at 7.

In support of his motion for reconsideration of the ruling that he did not state a First Amendment claim based on the defendants' initial barring of his

1

receipt of the newsletters, the plaintiff contends that he believes he stated a plausible First Amendment claim (1) due to the repeated month-long delays in his receipt of the newsletters and (2) because he was a contributor to the newsletters and the practice resulted in some of them not being delivered. Dkt. No. 12 at 2.

Non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [summary judgment motion]"). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., No. 14 C 1727, 2019 WL 1505399, at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v.

2

Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

The plaintiff first argues that the amended complaint describes an unconstitutional practice where the defendants targeted specific advocacy newsletters resulting in significant delays. Dkt. No. 12 at 2. He contends that his allegations that the official practice of prison officials targeted prison advocacy newsletters and falsely alleged that the content constituted contraband which resulted in repeated delays of several weeks states a plausible claim of infringement of his right to receive mail. Id. The plaintiff acknowledges that a delay in receiving mail does not usually support a constitutional violation. Id. Indeed, allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment. Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000) (citing Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999) (concluding that "relatively short-term and sporadic" delays in receiving more than eighteen pieces of mail did not violate First Amendment); see also Ahlers v. Rabinowitz, 684 F.3d 53, 64-65 (2d Cir. 2012) (concluding that eleven instances of delayed or withheld mail over four months did not violate First Amendment). But the plaintiff says the amended complaint "describes an unconstitutional practice

3

where specific advocacy newsletters were repeatedly targeted resulting in significant delays." Dkt. No. 12 at 1.

The court's screening order does not directly address whether the plaintiff states a claim based on his allegations that the defendants had an official practice of delaying newsletters; it will do so now. In an official capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991). A plaintiff may demonstrate an official policy by providing proof of: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. Estate of Sims ex rel. Sims v. Cty. of Bureau, 506 F.3d 509, 515 (7th Cir. 2007).

The amended complaint describes one incident in 2014 where the defendants did not allow a prison advocacy newsletter; when the plaintiff complained, they reversed their objections and allowed the newsletter. Next, the plaintiff alleges that about two and half years later, in November 2016, the defendants barred a different prison advocacy newsletter and, again, after the plaintiff complained, they reversed course and allowed the newsletter. For these two incidents, the plaintiff alleges that defendants Olson, Braemer, Meli and Foster (the "Waupun defendants") were responsible for implementing "the above DOC-wide practice" at Waupun and that the practice of initially banning

4

publications without any legitimate penological justification to delay and restrict access to the newsletter violated his First Amendment rights. The court dismissed the plaintiff's allegations regarding these incidents because the plaintiff received the newsletters after a month-long delay. These two incidents—two and a half years apart—do not establish a "practice" of delaying delivery of newsletters. See Hildreth v. Butler, 960 F.3d 420, 426-27 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1527 (2021). The court will therefore deny the plaintiff's motion for reconsideration as to dismissal of allegations related to the June 2014 and November 2016 delay in receiving newsletters.

The plaintiff's second argument is that as a contributor/publisher, he plausibly stated a First Amendment claim based on the defendants' practice which resulted in the non-delivery of several issues and likely had a chilling effect on the subscribers. Dkt. No. 12 at 4. According to the plaintiff, he alleged that the defendants violated his rights as a contributor of content. Id. at 3. These arguments apply to the third, fourth and fifth incidents described in the amended complaint. The third alleged incident occurred in July 2017, when the Waupun defendants did not allow a prison advocacy newsletter that complained of disruptive conditions at another DOC institution. Although the deputy security director of the Division of Adult Institutions (DAI) reversed this decision, the plaintiff says the Waupun defendants never sent him the newsletter. The fourth and fifth alleged instances occurred in September 2017 and November 2018 when defendant DAI Chief Weisgerber allegedly banned issues of advocacy newsletters for security reasons.

5

At screening, the court determined that the third incident involving the Waupun defendants belonged in a separate case from the fourth and fifth incidents involving defendants Weisgerber and the Doe defendants. Dkt. No. 11 at 7. The plaintiff does not challenge the court's determination in this regard. But now he alleges that the non-delivery of the publications violated his First Amendment rights as a publisher or contributor the publications. The amended complaint focused on the defendants' failure to deliver publications to the plaintiff. As the court explained in the screening order, the plaintiff may file an amended complaint regarding *either* his third incident allegations against the Waupun defendants *or* his fourth and fifth incident allegations against defendants DAI Chief Weisgerber and Does.

The plaintiff has not shown that the court's screening order contains a manifest error of law. The court will deny his motion for reconsideration.

The court reiterates the plaintiff's options for filing an amended complaint. The court will give the plaintiff a chance file another amended complaint, in which he may select one of the two above-described claims upon which to proceed in this case. The plaintiff may not proceed on any other claims in this case. If the plaintiff does not file his amended complaint by the deadline set below, the court will decide for him and allow him to proceed on his claim against Braemer, Foster, Meli and Olson, and will dismiss the improperly joined defendants.

The court is enclosing a copy of its amended complaint form. The plaintiff must write the word "Second" above the words "Amended Complaint" on the

6

first page. He must list the case number for this case on the first page. He must list the defendants he wants to sue in the caption of the amended complaint. The amended complaint takes the place of the prior complaints and must be complete in itself; the plaintiff may not refer the court back to his original or amended complaint, rather than repeating in the amended complaint any of the facts from the original and amended complaint that are necessary to his claims.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 12.

The court **ORDERS** that the plaintiff may file a second amended complaint that complies with the instructions in this order in time for the court to *receive* it by the end of the day on **November 12, 2021**. If the court does not receive a second amended complaint from the plaintiff by the end of the day on November 12, 2021 the court will allow him to proceed on his First Amendment claim against defendants Braemer, Foster, Meli and Olson and will dismiss the other defendants.

Dated in Milwaukee, Wisconsin this 19th day of October, 2021.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**